# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO



FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

06 JUL 11 PM 3: 55

CLERK-ALBUQUERQUE



BENJAMIN RADFORD,

       Plaintiff,

vs.

**CIV** - 0 6 - 0 6 2 3   **ACT RHS**
No.

LARRY BOTTOMS, WAL-MART
TRANSPORTATION, LLC, and
AMERICAN HOME ASSURANCE, INC.

       Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR NEGLIGENCE RESULTING IN PERSONAL INJURY

COME NOW, the Defendants, Larry Bottoms, Wal-Mart Transportation, LLC and American Home Assurance, Inc., by and through their attorneys of record, Butt Thornton & Baehr PC and for their Answer to Plaintiff's Complaint for Negligence Resulting in Personal Injury respectfully states as follows:

1.    Defendants admit the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2.    Defendants admit that Wal-Mart Transportation, LLC is a Delaware corporation authorized to do business in New Mexico.

3.    Defendants admit the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4.    Defendants admit the allegations contained in Paragraph 4 of the Plaintiff's Complaint.



5.     Defendants admit that American Home Assurance is a *Raskob* defendant in the case but deny it is a proper named party pursuant to the case of *Martinez v. Reid*, 2002-NMSC-15, 132 N.M. 237, 46 P.3d 123 (2003).

6.     Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7.     Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Plaintiff's Complaint and, placing their denial on that basis, deny the same and demand strict proof thereof.

8.     Defendants deny each and every allegation contained in Paragraph 8 of the Plaintiff's Complaint.

9.     Defendants deny each and every allegation contained in Paragraph 9 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.     As a separate and alternative affirmative defense, Defendants state that pursuant to the case of *Martinez v. Reid*, 2002-NMSC-15, 132 N.M. 237, 46 P.3d 123 (2003), Defendant American Home Assurance, Inc. is an improper party to this lawsuit and should be dismissed without prejudice or, in the alternative, bifurcated pending the outcome of the underlying case.

3.     As a separate and alternative affirmative defense, this Defendants state that if they were negligent in any way, which is specifically denied, then their negligence must be compared with that of the Plaintiff and/or others under the doctrine of comparative fault.

4. As a separate and alternative affirmative defense, Defendants state that to the extent Plaintiff has failed to mitigate the damages requested in his Complaint, any recovery should be reduced by any such failure.

5. As a separate and alternative affirmative defense, Defendants state that Plaintiff has failed to state sufficient facts upon which to base any claim for pre-judgment interest in this case.

6. As a separate and alternative affirmative defense, this Defendant states that the damages to Plaintiff, if any, were the proximate result of an independent, intervening cause or force, or subsequent intervening force.

Defendants hereby request trial by jury.

WHEREFORE, Defendants, Larry Bottoms, Wal-Mart Transportation, LLC and American Home Assurance, Inc., having fully answered Plaintiff's Complaint for Damages for Personal Injury pray that the Plaintiff's Complaint against them be dismissed with prejudice, and that it be awarded reasonable fees and costs incurred in defending this action.

Respectfully Submitted,

BUTT THORNTON & BAEHR PC

S. Carolyn Ramos
Attorneys for Defendants
P.O. Box 3170
Albuquerque NM 87190-3170
Telephone:     (505) 884-0777
Facsimile:     (505) 889-8870

I hereby certify that I have mailed a true copy of the foregoing pleading to all counsel of record this 11ᵗʰ day of July, 2006.

S. Carolyn Ramos