IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

BENJAMIN RADFORD,

      Plaintiff,

v.                                                                                      No. Civ. 06-623 LH/LAM

LARRY BOTTOMS, WAL-MART
TRANSPORTATION, LLC, and
AMERICAN HOME ASSURANCE, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court *sua sponte*, following its review of the Notice of Removal filed by Defendant Wal-Mart Transportation, LLC, ("Defendant Wal-Mart") on July 11, 2006. The Court has a duty to determine whether subject matter jurisdiction exists *sua sponte*, if the parties fail to raise a question of lack of jurisdiction. *See Tuck v. United Services Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered Defendant Wal-Mart's Notice of Removal, Plaintiff's complaint, the applicable law, and otherwise being fully advised, concludes that the notice fails to allege the necessary facts to sustain diversity jurisdiction and will order Defendant Wal-Mart to file an amended notice of removal within 10 days, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

### I.    BACKGROUND

On June 21, 2006, Plaintiff Benjamin Radford ("Plaintiff") filed a "Complaint for Negligence Resulting in Personal Injury" in the Second Judicial District Court, Bernalillo County, State of New Mexico. The Complaint alleges that Defendant Larry Bottoms, a resident

of Nevada and employee of Wal-Mart, negligently operated his commercial tractor trailer, resulting in a collision with Plaintiff's vehicle and causing Plaintiff damages, including personal injuries, pain and suffering, permanent physical disability, loss of enjoyment of life, past and future lost wages, and expenses for medical treatment and care. The Complaint also states that Plaintiff is a resident of Tennessee, that Defendant Wal-Mart is a for-profit limited liability company that regularly does business in New Mexico, and that Defendant American Home Assurance, who provided liability insurance coverage to Defendants Bottoms and Wal-Mart, is a foreign for-profit corporation licensed to do business in New Mexico.

On July 11, 2006, Defendant Wal-Mart filed its Notice of Removal "pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441." Notice of Removal at 1. The notice further asserts that complete diversity of citizenship exists between Plaintiff and Defendants; that the matter in controversy exceeds $75,000, exclusive of interest and costs; and that the matter in controversy is between citizens of different states. *Id.* ¶¶ 6, 10. In support of the assertion of diversity of citizenship, the notice alleges that Plaintiff is a resident and citizen of Tennessee. *Id.* ¶ 3. However, as to the citizenship of Defendants, the notice merely states that Defendant Larry Bottoms is a "resident" of Nevada; that Defendant Wal-Mart "is a Delaware corporation authorized to do business in the state of New Mexico"; and that Defendant American Home Assurance "is a foreign corporation authorized to do business in New Mexico." *Id.* ¶¶ 3-5. No where in the notice or the complaint do any of the parties allege where Defendant Wal-Mart or Defendant American Home Assurance each have their principal place of business.

## II. LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was

intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

### III. DISCUSSION

Defendant Wal-Mart is attempting to base the jurisdiction of the Court on diversity of citizenship as provided for in 28 U.S.C. § 1332. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — citizens of different States." 28 U.S.C. § 1332(a). When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, *see* 28 U.S.C. § 1441(a), provided that no defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Jurisdiction under section 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for purposes of establishing diversity."); James Wm. Moore, Moore's Federal Practice § 102.31 (3d ed. 2006) (party asserting jurisdiction should allege that he or she is a citizen and carefully allege facts establishing each party's citizenship). A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* 28 U.S.C.

§ 1332(c).

The facts set forth in the complaint and in the notice of removal do not sufficiently establish the citizenship of Defendants. The notice and complaint merely allege that Defendant Bottoms is a "resident" of Nevada. As to Defendants Wal-Mart and American Home Assurance, a corporation is deemed a citizen of *both* the state in which it has been incorporated and the state where it has its principal place of business. Although the notice alleges that Defendant Wal-Mart is a Delaware corporation and that Defendant American Home Assurance is a foreign corporation, neither the complaint nor the notice allege where Defendant Wal-Mart or Defendant American Home Assurance have their principal place of business. If either of these Defendants have their principal place of business in Tennessee, where Plaintiff is a citizen, complete diversity of citizenship would be lacking. The notice thus fails to allege sufficient facts for the Court to determine whether there is complete diversity between Plaintiff and Defendants. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300 (10th Cir. 1968) (jurisdictional allegations for removal were defective for failure to specify, beyond general claim of diversity of citizenship, principal place of business of defendant insurer or otherwise to show that such principal place of business was in state other than that of citizenship of plaintiff).

A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective. *Id.* Technical defects, however, may be cured by amendment of the notice. *See id.* at 300-02 (permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business). *See also* 28 U.S.C. § 1653 ("Defective allegations of

4

jurisdiction may be amended, upon terms, in the trial or appellate courts."). As the Tenth Circuit explained in *Hendrix*, disallowing amendment in circumstances comparable to those in this case "would be too grudging with reference to the controlling statute [28 U.S.C. § 1653], too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." 390 F.2d at 301 (internal footnotes omitted). A court may permit amendments to the notice of removal to more properly allege a corporation's principal place of business *sua sponte*. *Buell*, 321 F.2d at 471.

Consequently, the Court will give Defendant Wal-Mart the opportunity to file an amended notice of removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Defendant Wal-Mart is granted 10 days leave to amend its Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed within 10 days of the date of entry of this Order, the Court will remand this case to the Second Judicial District Court for the County of Bernalillo, State of New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE